FRANZ O. MATTHIESSEN, Respondent, *v.* G. N. BARTLETT, Appellant, Impleaded with Others.

*Misjoinder of causes of action.*

In an action setting forth several separate contracts of guaranty, all secured by one collateral, in which the several guarantors have an interest in proportion to the amounts for which they are bound under their respective guaranties, in which action all the guarantors are made parties defendant, a complaint which demands that the plaintiff (who has paid the principal loan for which he was liable to the creditor) be subrogated to the rights of the creditor, is not demurrable on the ground that several causes of action are therein improperly united.

APPEAL by the defendant G. N. Bartlett from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of January, 1895, upon the decision of the court rendered at the New York Special Term overruling the demurrer of the defendant G. N. Bartlett to the complaint.

*J. G. Deane* and *Archibald A. McGlashan,* for the appellant.

*M. W. Devine,* for the respondent.

VAN BRUNT, P. J.:

The complaint in this action alleged that, on the 22d of March, 1894, the defendants Goodwin and Swift procured a loan from the Western National Bank of the city of New York of $44,000, and as security for the payment thereof deposited forty-four first mort-

gage bonds of the Colonial City Electric Railway Company of Kingston, N. Y., each for the sum of $1,000; that the plaintiff guaranteed the payment to said bank of said loan at maturity; that, in order to induce the plaintiff to guarantee said loan, the defendants Bartlett, Swift, Orne, Abbott, Robinson and Smith duly executed to the plaintiff their agreement in writing, wherein and whereby they agreed with the plaintiff, in the amounts and proportions set opposite their respective names, to severally guarantee the payment of said loan to the extent of said amounts respectively, in case the plaintiff was required to pay said loan, and further agreed to pay to plaintiff the amounts so set opposite their respective names on demand and presentation of the proportionate amount of said collateral bonds; that the agreement further provided that each of said guarantors contracted for himself and not for any other, and only for the amount set opposite his name; that opposite the name of the defendant Bartlett was the amount of $5,000, and various other sums opposite the name of the other guarantors; and that the loan of $44,000 to Goodwin and Swift becoming due, the plaintiff paid the same to the said Western National Bank, and received the collateral security.

The complaint further alleges that the plaintiff tendered to the defendant Bartlett bonds aggregating $5,000, the proportionate amount required to be tendered to him, and demanded from him the payment of said sum of $5,000, which was refused. The same allegation is made in regard to the other persons executing the contract of guaranty. Judgment was thereupon demanded that the plaintiff be subrogated to all the rights and liens of said Western National Bank in and to said bonds, and that it be adjudged that there is due from the defendant Bartlett to the plaintiff, on account of his guaranty, the sum of $5,000, with interest, and a similar demand is made as against the other defendants; and that the collateral security be sold at public auction, and the proceeds of five of said mortgage bonds be applied to · the payment of said sum of $5,000, and that the plaintiff have judgment against said defendant Bartlett for any deficiency. And similar allegations are made as against the other defendants.

The defendant Bartlett demurred upon the ground that causes of action are improperly united, and that the complaint did not

state facts sufficient to constitute a cause of action. The first ground only is urged upon this appeal.

There would seem to be no doubt that the demurrer would have been well taken if there were any means of segregating the particular bonds in which the defendant Bartlett had an interest. But it appears that the bonds were treated as a body, and it cannot be said that the defendant Bartlett or the other defendants were entitled to receive any particular ones of these bonds ; and, as a consequence, although the contract of guaranty may be a separate contract, yet the collateral security which formed that guaranty formed one security in which these parties have an interest in proportion to the amounts for which they were bound under their guaranty, in the sale of the bonds for the purpose of paying this loan. How would it be possible, if these various bonds brought different prices, to adjust the equities of the parties in this collateral security, without the presence of all ? It cannot be said that Bartlett is entitled to have the proceeds of the bonds first sold, or of those last sold, applied to the payment of his indebtedness, and the same is true as to the other defendants. Consequently it is necessary that there should be a marshaling of the proceeds of these bonds and that they should be proportionately divided amongst these various guarantors. There seems, therefore, to be no possible method in which the plaintiff could proceed except by bringing in all the parties who are interested in these securities, selling the same for and on their account, and have the court marshal the proceeds, determine the equities between the parties and the amount with which they are to be credited, and give judgment for a deficiency, if the plaintiff should be so entitled, as to each separately.

Under these circumstances we think the court below was right in overruling the demurrer, and the judgment should be affirmed, with costs, with leave, however, for the defendant to answer upon payment of the costs in the court below and of this appeal.

PARKER and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs, but with leave to defendant to answer on payment of costs in court below and of this appeal.